1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSING AUTHORITY OF THE CITY OF LOS ANGELES,<br><br>         Plaintiff,<br><br>    v.<br><br>PCC TECHNICAL INDUSTRIES, INC., et al.,<br><br>         Defendants.<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD PARTY CLAIMS. | CASE NO. 2:11-CV-01626 DSF (CWx)<br><br>[PROPOSED] PROTECTIVE ORDER GOVERNING DOCUMENTS, TESTIMONY AND INFORMATION PRODUCED BY ANHEUSER-BUSCH, LLC<br><br>**Note changes made by the court** |

## 1. PURPOSES AND LIMITATIONS

Having reviewed the parties' Stipulation Regarding [Proposed] Protective Order Governing Documents Produced By Anheuser-Busch, LLC ("Anheuser-Busch"), and good cause appearing, the Court hereby enters the following Protective Order (the "Order"). This Order governs the production of documents by Anheuser-Busch, which include confidential, proprietary and/or private information, in response to the Subpoena Duces Tecum issued by Enerfab, Inc. ("Enerfab").

## 2. DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.2 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3 <u>Anheuser-Busch</u>: Anheuser-Busch, LLC, any predecessor, successor or affiliated entity and any individual formerly or currently affiliated with Anheuser-Busch, LLC, to the extent that such entity or individual produces documents or provides testimony in this action.

2.4 <u>Receiving Party</u>: a Party that receives Discovery Material from Anheuser-Busch.

2.5 <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, without limitation, testimony, transcripts, and tangible things), that are produced, generated or disclosed in response to discovery in this matter.

2.6 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or California Civil Code §3426.1.

2.7 <u>Protected Material</u>: all Discovery Material produced by Anheuser-Busch, which is to be designated "CONFIDENTIAL."

2.8 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.9 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Outside Counsel</u>: attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation and any participants in a focus group, mock trial or research connected with case preparation.

2.12 <u>Vendor</u>: a person or entity which provides litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and its employees and subcontractors.

2.13 <u>Electronic Data</u>: information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).

3. **SCOPE AND BREADTH**

(a) The protections conferred by this Order cover Protected Material, including (1) any information copied or extracted from Protected Material;

(2) any copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order shall not apply to any document or information which: (a) was in the public domain at the time of disclosure or became part of the public domain after its disclosure, not as a result of a violation of this order; or (b) was discovered independently and lawfully by the Receiving Party.

(b)   This Order is binding on all Parties to this action, on all Non-Parties who have agreed to be bound by this Order and on all others who have signed the document attached hereto as <u>Exhibit A</u>, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.  This Order is intended to be consistent with the Standing Order For Cases Assigned to Judge Dale S. Fischer ("Court's Standing Order") and no Party to this agreement may interpret this Order in a manner inconsistent with the Court's Standing Order.

### 4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Anheuser-Busch agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court retains jurisdiction over this action for enforcement of the provisions of this Order following the final disposition of this litigation.

### 5.     DESIGNATING PROTECTED MATERIAL

5.1     <u>Designation of Confidentiality</u>

(a) All documents and information produced by Anheuser-Busch in response to Enerfab's Subpoena, which contain sensitive business information and/or confidential research, development, or competitively sensitive current commercial information, or documents or information containing the personal bank account numbers or social security numbers of individuals, or that Anheuser-Busch believes qualifies for protection under Fed. R. Civ. P. 26(c) or California Civil Code §3426.1, may be designated as "CONFIDENTIAL."

(b) Anheuser-Busch shall have a good faith basis for the designation of information as Protected Material.

(c) If it comes to Anheuser-Busch's attention that information or items it designated for protection do not qualify for protection, then Anheuser-Busch shall promptly notify all Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Materials or Information may be designated "CONFIDENTIAL" within the meaning of this Order in the following ways:

(a) Documents: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(b) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), Anheuser-Busch will affix the legend "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, Anheuser-Busch must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(c) Depositions: For testimony given in deposition ~~or in other pretrial or trial proceedings,~~ counsel for any Party seeking to introduce into the record a document containing Protected Material or elicit testimony regarding

information previously designated by Anheuser-Busch as "CONFIDENTIAL" shall identify on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all protected testimony. When it is impractical to do so, and when it appears that substantial portions of the testimony qualify for protection, the Party that introduced Protected Material or elicited testimony regarding "CONFIDENTIAL" information shall invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of the transcript of the testimony in which to identify the specific portions of the testimony as to which protection applies. When this right is invoked, the Party that introduced Protected Material or elicited testimony regarding "CONFIDENTIAL" information shall, within 15 calendar days of its receipt of the transcript, identify and designate Protected Material and testimony regarding "CONFIDENTIAL" information and shall e-mail a copy of the transcript containing such designations to counsel for Anheuser-Busch.  Anheuser-Busch may, within 15 calendar days of its receipt of the transcript, identify and designate additional testimony as "CONFIDENTIAL" by return e-mail to the Party that introduced Protected Material or elicited testimony regarding "CONFIDENTIAL" information.  The entire deposition transcript (including exhibits) shall be treated as Protected Material under this Order until the expiration of the 30-day period, except that the deponent may review the transcript during the 30-day period.  Thereafter, only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material as except ordered by the Court.

      (d)    For information produced in some form not described in Sections 5.2(a)-(d), Anheuser-Busch shall designate confidential material as such by affixing in a prominent place the legend "CONFIDENTIAL" as appropriate.  If only a

6
[~~PROPOSED~~] PROTECTIVE ORDER

portion or portions of the information or item warrant protection, Anheuser-Busch, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.

(a)   The inadvertent or unintentional disclosure by Anheuser-Busch of Confidential Information without the appropriate designation at the time of disclosure shall not be deemed a waiver in whole or in part of Anheuser-Busch's claim of confidentiality as to the specific information disclosed.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information without the appropriate designation, Anheuser-Busch shall within fourteen (14) days notify Enerfab, in writing, of the error and identify (by bates number or other individually identifiable information) the affected documents and their new designation or re-designation and promptly supply copies of such materials with the appropriate designations.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Anheuser-Busch's right to secure protection under this Order for such material.  Upon timely correction of a designation, Enerfab must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  This Section does not apply, however, to testimony given in deposition or in other pretrial or trial proceedings that Anheuser-Busch fails to designate for protection in accordance with Section 5.2(c) of this Agreement.

(b)   The inadvertent production or disclosure of documents in the course of discovery in this action shall be governed by all applicable legal principles and shall not, in and of itself, be deemed to waive whatever attorney-client privilege, work-product protection, statutory confidentiality, or other privilege or immunity that would otherwise attach to the document.  Anheuser-Busch, promptly after discovery, shall notify Enerfab of the claim of privilege or other protection or immunity.  Upon such notice, Enerfab shall promptly coordinate with all other Receiving Parties for the return and destruction of the original and all copies (both

hard and electronic) of the inadvertently disclosed materials. The return or destruction of any documents claimed to be inadvertently produced shall not constitute an acknowledgement that the claimed documents or information are in fact privileged or entitled to protections or immunity.

(c) A Party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by Anheuser-Busch only in connection with this case and only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner that ensures that access is limited to the persons authorized under this Order.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by Anheuser-Busch, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel, including Outside Counsel of Record and House Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A to this Order;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Exhibit A to this Order;

    (d) the Court, or any other Court exercising jurisdiction with respect to this litigation (including appellate courts), and its personnel;

    (e) court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (f) any Party;

    (g) the present or former officers or directors of any Party;

    (h) witnesses in this action to whom disclosure is reasonably necessary and who have signed Exhibit A to this Order. Confidential Information or material may be disclosed to a witness who refuses to sign the Exhibit A to this Order, provided that: (i) the disclosure is made for a proper purpose related to this action; (ii) Counsel for the party using the Confidential Information endeavors in good faith to redact or handle the Confidential Information in such a manner as to disclose no more Confidential Information than is reasonably necessary in order to examine the witness; (iii) the witness is not permitted to retain the Confidential Information after the witness is examined regarding the Confidential Information; and (iv) the witness is informed that the Confidential Information is protected by an Order from the Court and by federal and state law, and that misuse, misappropriation or wrongful disclosure of any Confidential Information might subject him or her to the Court's jurisdiction as well as to civil and/or criminal liability.  A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign pursuant to Fed. R. Civ. P. 30(e). Witnesses who are shown Confidential Information, who will not sign Exhibit A to this Order, shall not be allowed to retain copies of the "CONFIDENTIAL" Information or Items in connection with the deponent's transcript review;

(i) the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

(j) any other person only upon order of the Court or upon prior written consent of Anheuser-Busch.

6.3 <u>Documents and materials filed with the Court</u>.

(a) If any Party wishes to file with the Court a document or information that has been designated Confidential Information by Anheuser-Busch, it must give Anheuser-Busch five calendar days notice of intent to file, and must comply all other procedures set forth in Local Rule 79-5 and the Court's Standing Order.

(b) Where an application to file documents under seal has been granted, the Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION and "SUBJECT TO COURT ORDER" and words in substantially the following form:

This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court dated _____, shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Section shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which contain Confidential Information shall be filed under seal. No Non-Party may have access to any sealed document

from the files of the Court without an order of the Court. The Court's mandatory paper chambers copy of a sealed document shall be in the form specified by the Court's Standing Order, and shall include a complete version of the documents with an appropriate notation identifying the document or the portion of the document that has been filed under seal.

(c) Each document filed under seal may be returned to the Party which filed it (i) if no appeal is taken, within ninety days after a final judgment is rendered, or (ii) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the Party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document or return the document to counsel for Anheuser-Busch upon request and within two years after termination of the litigation.

6.4 <u>Non-Application of Order</u>. The restrictions set forth above shall not apply to documents or information designated Confidential which (a) were, are or become public knowledge, not in violation of this Stipulated Protective Order; or (b) were or are discovered independently by the receiving party.

6.5 <u>Use of Confidential Information at Trial or Hearing</u>. The restrictions, if any, that will govern the use of Confidential Information at trial or hearings will be determined at a later date by the Court, in consultation with the Parties and Anheuser-Busch if necessary.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Information or Items designated as "CONFIDENTIAL" pursuant to this Order, that Party must:

(a) promptly notify, telephonically and in writing, Anheuser-Busch. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by Anheuser-Busch. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the Party served with the subpoena complies with the processes stated in Sections 7(a) and (b), above. If Anheuser-Busch timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained Anheuser-Busch's permission. Anheuser-Busch shall bear the burden and expense of seeking protection in that court of its material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify Anheuser-Busch, telephonically and in writing, of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Exhibit A to this Order.

## 9. PRESERVATION OF RIGHTS

9.1 <u>Modification</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9.2     **Right to Assert Other Objections**.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any Information or Item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

9.3     **No Waiver**.  Entering into, agreeing to, and/or producing or receiving material designated as "CONFIDENTIAL," or otherwise complying with the terms of this Order shall not:

(a)     operate as an admission by any Party or Anheuser-Busch that any particular material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of "CONFIDENTIAL" Information;

(b)     operate as an admission by any Party or Anheuser-Busch that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "CONFIDENTIAL";

(c)     prejudice in any way the rights of any Party or Anheuser-Busch to seek a determination by the Court whether any information or material should be subject to the terms of this Order;

(d)     prejudice in any way the rights of any Party or Anheuser-Busch to petition the Court for a further protective order relating to any purportedly confidential information;

(e)     prevent the Parties or Anheuser-Busch from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

(f)     limit Anheuser-Busch's ability to grant Parties or Non-Parties access to its own documents and/or information; and

(g) be deemed to waive any applicable privilege or work product protection, or to affect the ability of any Party or Anheuser-Busch to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

## 10. FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to Anheuser-Busch or, if Anheuser-Busch's Counsel is so informed, destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Anheuser-Busch by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

## 11. TIME PERIODS

All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

DATED: November 1, 2012 

Carla Woehrle, U.S. Magistrate Judge

1
2  Submitted by:
3  SCHEPER KIM & HARRIS LLP
4
5  By _____
       Gregory A. Ellis
6
   One Bunker Hill
7  601 West Fifth Street, 12th Floor
   Los Angeles, CA 90071
8  Tel: (213) 613-4655
   Fax: (213) 613-4656
9
   Attorneys for Third Party Defendant
10 ENERFAB, INC.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

I, _____, declare as follows:

1. My business address is _____. My present occupation is _____.

2. I have received a copy of the Protective Order Governing Documents, Testimony and Information Produced by Anheuser-Busch, LLC ("Protective Order") in the action entitled *Housing Authority of the City of Los Angeles v. PCC Technical Industries, Inc., et al.* and Related Counterclaims, Cross-claims and Third Party Claims, United States District Court for the Central District of California, Case No. 2:11-CV-01626 DSF (CWx), (the "Action").  I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for purposes of the Action, any documents or information that I receive in connection with the Action.  I will also comply with all provisions of the Protective Order relating to documents and information that are Protected Material.  At the conclusion of the Action, I will return or destroy all Protected Material in accordance with the terms of the Protective Order.

4. I hereby consent to be subject to the personal jurisdiction of the United States District Court, Central District of California, with respect to any proceedings relating to the enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __ day of _____, _____ at _____.

_____

_____